IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Harold Jackson,                              ) | Case No. 2:14-CV-<u>1911</u>-RMG |
| )                                             | |
| Plaintiff,         ) | |
| )                                             | DEFENDANT'S MOTION TO ADMIT |
| vs.                                           ) | DE BENE ESSE DEPOSITION OF DAVID |
| )                                             | N. DUPUY, M.D. |
| TRUMPF Medical Systems, Inc.,     ) | |
| )                                             | |
| Defendant.       ) | |
| _____) | |

Plaintiff moved to preclude the de bene esse deposition of Defendant's medical expert, David N. DuPuy, M.D.  Plaintiff argues that the deposition will not be admissible at trial and is therefore outside the scope of discovery.  Plaintiff's argument is flawed, and Defendant has submitted a written response to Plaintiff's motion.  Out of an abundance of caution Defendant also moves pursuant to Fed.R.Civ.P. 32(a)(4)(E) for a ruling that the de bene esse deposition will be admissible at trial because exceptional circumstances make it desirable.[1]  Such a ruling would not only negate Plaintiff's motion to preclude the deposition, but assist the parties' in planning the presentation of their cases.

Rule 32 provides in pertinent part that:

[a] party may use for any purpose the deposition of a witness, whether or not
a party, if the court finds . . .

(E) on motion and notice, that exceptional circumstances make it desirable –
in the interest of justice and with due regard to the importance of live testimony
in open court – to permit the deposition to be used.

Fed.R.Civ.P. 32(a)(4)(E).  The exceptional circumstances test actually grants the Court considerable discretion in determining whether to admit deposition testimony. *McDowell v Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014).   The circumstances of a witness's absence are

---

[1] A memorandum has been omitted pursuant to Local Civil Rule 7.04 (D.S.C.).

considered exceptional when they are similar to the witness being "unavailable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena." *Angelo v. Armstrong*, 11 F.3d 957, 963 (10th Cir. 1993); *Hill v. J.B. Hunt Transport, Inc.*, 2015 WL 905622 at * 1 (E.D.Okl. 2015).

A number of courts have specifically found that the hectic and unpredictable schedule of a physician constitutes exceptional circumstances which permit his or her deposition to be used at trial. *E.g., Melore v. Great Lakes Dredge & Dock Co.*, 1996 WL 548142, at *3 (E.D.Pa. 1996) (a note from doctor indicating that she was "absolutely unavailable" because of her duties as a doctor presented exceptional circumstances) (citing *Spangler v. Sears Roebuck & Co.,* 138 F.R.D. 122, 125 n. 2 (S.D.Ind.1991)); *see also Rubel v. Eli Lilly & Co.,* 160 F.R.D. 28, 29 (S.D.N.Y.1995); *Reber v. Gen. Motors Corp.,* 669 F.Supp. 717, 720 (E.D.Pa.1987) (a heavy surgical schedule of a doctor presented exceptional circumstances).

Here, Dr. DuPuy's situation satisfies both tests. It is undisputed that Dr. DuPuy resides outside the District and more than 100 miles from the place of trial. He is not procurable by a subpoena and resides a great distance from Charleston's Federal courthouse.

Dr. DuPuy also maintains a busy practice as an orthopedic surgeon. His schedule is booked weeks in advance. (DuPuy Aff. at ¶ 4). He has about 5000 patients visit his office each year. *Id.* at ¶ 5  Daily activities include treating and/or performing surgery on an average of 30 patients each day for acute injuries and chronic conditions including chronic pain. *Id*. He often works in additional patients with urgent problems. *Id.*.  Finally, Dr. DuPuy provides cross coverage with his orthopedic colleagues for emergencies, orthopedic triage, medication requests and post-operative concerns. *Id.*

Defendant respectfully requests that the Court issue a ruling that Dr. DuPuy's de bene esse deposition will be admissible at trial under Fed.R.Civ.P. 32(a)(4)(E). Such a ruling will not only resolve Plaintiff's pending motion for a protective order, but greatly assist the parties in planning for presentation of evidence at trial.

This motion is based upon the pleadings on file, applicable law, and the affidavit of Dr. DuPuy, filed herewith. I certify that I have consulted opposing counsel about the matters raised by this motion, but that the parties were unable to resolve their differences.

Respectfully submitted,

/s/ H. Clayton Walker, Jr.
H. Clayton Walker, Jr ID 4489
WALKER ‖ REIBOLD
Post Office Box 61140
Columbia, SC 29260
(803) 454-0955

ATTORNEYS FOR DEFENDANT

June 1, 2015

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Bert G. Utsey, III, Esq.
Peters, Murdaugh, Parker Etlzroth
& Detrick, PA
123 S. Walter Street
PO Box 1164
Walterboro, SC 29488
(843) 549-9544
(843) 549-9546 Facsimile
butsey@pmped.com

Jennifer Munter Stark, Esq.
210 Wingo Way - #300
Mt. Pleasant, SC 29464
(843) 972-0004
(843) 792-0006 Facsimile
jmunterstarklaw@gmail.com

Michael N. Miller, Esq.
The Law Office of Michael N. Miller, PC
Fifteen Piedmont Center
3575 Piedmont Road, NE - Suite 1560
Atlanta, Georgia, 30305
(678) 757-5445
michael@mnmfirm.com

*Attorneys for Plaintiff*

                            By: /s/ H. Clayton Walker, Jr._____
                                 H. Clayton Walker, Jr.